## Leora RIVERS and David Rivers v. Bonnie GADWAH and Vern Gadwah

[679 A.2d 891]

No. 95-531

May 1, 1996. Appellant Leora Rivers brought a relief-from-abuse petition against her mother, appellee Bonnie Gadwah, alleging that Gadwah had threatened her after Rivers stopped employing Gadwah as her son Alex's babysitter. The trial court continued the initial hearing on the abuse petition to permit Gadwah and her husband to file a petition for grandparent visitation. The Rivers moved to dismiss the visitation petition on jurisdictional grounds, but the court denied the motion to dismiss and held a consolidated hearing on the two actions. Following the hearing, the court issued a mutual relief-from-abuse order against both Rivers and Gadwah, and also ordered that the Gadwahs have supervised visitation with Alex two days a month. The Rivers appeal from the visitation order, again arguing that the court lacked jurisdiction to hear the petition for grandparent visitation. We agree, and accordingly vacate the court's visitation order. 15 V.S.A. § 1012 permits a grandparent to commence an action for visitation only where "a parent of a minor child is deceased, physically or mentally incapable of making a decision or has abandoned the child." None of these circumstances is present here. Nor is 15 V.S.A. § 1011(a) applicable here. Although it permits a "superior, juvenile or probate court which has considered or is considering the custody or visitation of a minor child" to award visitation rights to a grandparent, custody or visitation of the minor child was not at issue in the relief-from-abuse action between Rivers and Gadwah. The

mere fact that the Gadwahs raised the issue of grandparent visitation was not sufficient to trigger jurisdiction; such a construction would render meaningless the jurisdictional restrictions imposed by 15 V.S.A. §§ 1011 and 1012.

*The family court's order for grandparent visitation is vacated, and the petition for grandparent visitation is dismissed.*